1  Jahan C. Sagafi (Cal. Bar No. 224887)
   Julia Rabinovich (Cal. Bar No. 290730)
2  OUTTEN & GOLDEN LLP
   One Embarcadero Center, 38th Floor
3  San Francisco, CA 94111
   Telephone: (415) 638-8800
4  Facsimile: (415) 638-8810
   E-mail: jsagafi@outtengolden.com
5  E-mail: jrabinovich@outtengolden.com

6  Justin M. Swartz (admitted *pro hac vice*)
   OUTTEN & GOLDEN LLP
7  3 Park Avenue, 29th Floor
   New York, New York 10016
8  Telephone: (212) 245-1000
   Facsimile: (646) 509-2060
9  E-mail: jms@outtengolden.com

10 *Attorneys for Plaintiff and proposed Class Members*

11 *Additional counsel listed on following page*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| JASON ZAJONC, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>MORGAN STANLEY & CO. LLC, f/k/a Morgan Stanley & Co. Incorporated, MORGAN STANLEY SMITH BARNEY LLC, and MORGAN STANLEY,<br><br>Defendants. | Case No. 3:14-cv-05563-EMC<br><br>**PLAINTIFF'S OPPOSITION TO MORGAN STANLEY'S MOTION FOR ADMINISTRATIVE RELIEF SEEKING AN ORDER TO CONTINUE THE INITIAL CASE MANAGEMENT CONFERENCE AND STAY DISCOVERY PENDING THE DETERMINATION OF DEFENDANTS' MOTION TO DISMISS, STAY OR TRANSFER** |

1  Gregg I. Shavitz (admitted *pro hac vice*)
   Susan H. Stern (admitted *pro hac vice*)
2  Paolo C. Meireles (admitted *pro hac vice*)
   SHAVITZ LAW GROUP, P.A.
3  1515 S. Federal Hwy., Suite 404
   Boca Raton, Florida 33432
4  Telephone: (561) 447-8888
   Facsimile: (561) 447-8831
5  E-mail: gshavitz@shavitzlaw.com
   E-mail: sstern@shavitzlaw.com
6  E-mail: pmeireles@shavitzlaw.com

7  Jeffrey A. Klafter (*pro hac vice* forthcoming)
   Seth R. Lesser (*pro hac vice* forthcoming)
8  Fran L. Rudich (admitted *pro hac vice*)
   KLAFTER OLSEN & LESSER, LLP
9  Two International Drive, Suite 350
   Rye Brook, NY 10573
10 Telephone: (914) 934-9200
   Facsimile: (914) 934-9220
11 E-mail: jak@klafterolsen.com
   E-mail: seth@klafterolsen.com
12 E-mail: fran@klafterolsen.com

13 *Attorneys for Plaintiff and proposed Class Members*

**INTRODUCTION**

Plaintiff requests that the Court deny Defendants Morgan Stanley & Co. LLC, Morgan Stanley Smith Barney LLC, and Morgan Stanley's (collectively, "Morgan Stanley") Motion for Administrative Relief Seeking an Order to Continue the Initial Case Management Conference and Stay Discovery Pending the Determination of Defendants' Motion to Dismiss, Stay or Transfer ("Administrative Motion to Stay") be denied. Morgan Stanley's Administrative Motion to Stay improperly seeks to delay discovery in this matter. A pending motion to transfer provides no basis to stay discovery, and Plaintiff and the proposed Class Members will be prejudiced by any further delay in this matter.

Accordingly, Plaintiff respectfully requests that the Court deny Morgan Stanley's Administrative Motion to Stay and proceed with the initial case management conference on April 2, 2015, as currently scheduled.

**BACKGROUND**

On August 8, 2012, Fred DeVries filed a federal lawsuit alleging that Morgan Stanley violated the Fair Labor Standards Act ("FLSA") by not paying for all overtime hours worked by pre-production Financial Advisor Associates ("FAAs"). *DeVries v. Morgan Stanley & Co., LLC*, 12 Civ. 81223 (S.D. Fla.) ("*DeVries*"). On August 4, 2014, DeVries amended the complaint to add new named plaintiffs and to assert class claims under Illinois, New Jersey, New York, and Pennsylvania state laws. *DeVries* ECF No. 173. Discovery has been ongoing in *DeVries* for over two years. Declaration of Gregg I. Shavitz in Support of Plaintiff's Opposition to Morgan Stanley's Administrative Motion to Stay ("Shavitz Decl.") ¶ 6.

In September 2014, as the parties in *DeVries* were preparing for mediation, counsel for DeVries approached Morgan Stanley about amending the *DeVries* complaint to add claims on behalf of a California class and incorporating these claims into the upcoming mediation. *Id.* ¶¶ 7-8. Over the next month and a half, DeVries's counsel made several attempts to elicit a response from Morgan Stanley, but were unable to get any definite response. *Id.* ¶¶ 7-19. In mid-November 2014, Morgan Stanley finally advised DeVries that it did not consent to the amendment to add California claims to the *DeVries* matter. *Id.* ¶ 20. It further advised DeVries

that it was willing to mediate the California claims, but only if DeVries did not seek leave to file an amended complaint alleging California claims; counsel for Morgan Stanley made clear that if DeVries sought to amend the complaint to allege California state law claims, mediation of the California claims would be off the table. *Id.* Counsel for DeVries relied on these representations and prepared to negotiate the California claims, together with the existing *DeVries* claims, at mediation. *Id.* ¶ 22. However, after stating its willingness to mediate the California claims, Morgan Stanley subsequently refused to provide any data with respect to the California class, making the California claims impossible to mediate. *Id.* ¶¶ 21, 23-28. The December 2014 mediation did not result in a settlement. *Id.* ¶ 29.

On December 19, 2014, Plaintiff Jason Zajonc, finding that resolution of his California claims appeared unlikely or impossible in *DeVries*, filed California state law claims, on behalf of himself and the proposed California Class Members, in this Court. ECF No. 1; Shavitz Decl. ¶¶ 30, 34. Plaintiff has since worked diligently to avoid further delay in this matter, serving document requests, interrogatories, and a Federal Rule of Civil Procedure 30(b)(6) deposition notice the day after the parties' Rule 26(f) conference (held on March 12, 2015). Shavitz Decl. ¶¶ 35-36. On March 19, 2015, Morgan Stanley filed its Motion to Dismiss, Stay, or Transfer Action to the Southern District of Florida Pursuant to the First-to-File Rule ("Morgan Stanley's Motion to Transfer"). ECF No. 37. Now, approximately six months after it was first apprised of the California class claims, Shavitz Decl. ¶¶ 7-8, Morgan Stanley seeks to further delay any discovery of the California state law claims by seeking a continuance of the initial case management conference and a stay of discovery on the basis that this case might be transferred to the Southern District of Florida (where discovery regarding the California claims would have to occur nonetheless, and where the deadline for fact discovery is currently scheduled for April 14, 2015, Shavitz Decl. ¶ 32). ECF No. 41 at 2-3. Plaintiff opposes any further delay of discovery.

**ARGUMENT**

Morgan Stanley argues that the initial case management conference should be continued and discovery should be stayed pending resolution of Morgan Stanley's Motion to Transfer. ECF

1  No. 41 at 2-3.  The mere fact that Morgan Stanley's Motion to Transfer is pending before the
2  Court does not provide a basis to stay proceedings.  The discovery sought here will still be
3  necessary regardless of whether this case is transferred.  *Kor Media Grp., LLC v. Green*, 294
4  F.R.D. 579, 582 (D. Nev. 2013) (denying motion to stay discovery pending resolution of a motion
5  to transfer because even if the movant were to prevail on the motion, "merely transfer[ring] a case
6  to another court for further proceedings . . . does not impact the ultimate need to conduct
7  discovery"); *see also Esperson v. Trugreen LP*, No. 10 Civ. 2130, 2010 WL 2640520, at *4
8  (W.D. Tenn. June 29, 2010) (denying motion to stay pending resolution of motion to transfer
9  where the defendants would not be prejudiced by the denial of a stay and there was no showing
10 that judicial resources would be wasted); *Kron Med. Corp. v. Groth*, 119 F.R.D. 636, 638
11 (M.D.N.C. 1988) ("The mere filing of a motion to transfer pursuant to [28 U.S.C. §] 1404(a) does
12 not constitute grounds for staying discovery pending resolution of the motion and the Court
13 should not grant a stay absent a solid showing of good cause.").

14    Morgan Stanley also argues that the discovery Plaintiff has sought here is duplicative of
15 the discovery served in *DeVries*.  ECF No. 41 at 3.  The notion of duplicative discovery is a red
16 herring.  To the extent that any discovery sought by Plaintiff has already been produced in
17 another action, Morgan Stanley can simply produce it (after securing the appropriate adjustment
18 to the *DeVries* protective order).  Parties commonly agree to discovery sharing arrangements
19 across cases in which discovery may overlap; this case is no exception.  Accordingly, Morgan
20 Stanley is at risk of no duplication of effort.

21    Finally, Morgan Stanley argues that continuing the initial case management conference
22 will conserve resources.  ECF No. 41 at 3.  Delaying the initial case management conference will
23 not create significant efficiencies.  The parties have already held their Rule 26(f) conference.
24 Shavitz Decl. ¶ 36.  They have also already developed and filed their joint case management plan.
25 ECF No. 45.

26    Having chosen to bring its Motion to Transfer three months after Plaintiff filed his
27 Complaint, *see* ECF Nos. 1, 37, Morgan Stanley should not be allowed to stymie Plaintiff's
28

1  efforts to pursue his, and the proposed Class Members', California claims through its

2  Administrative Motion to Stay.  Plaintiff respectfully requests that Morgan Stanley's

3  Administrative Motion to Stay be denied.

Dated: March 27, 2015

By:  /s/ Jahan C. Sagafi
        Jahan C. Sagafi

Jahan C. Sagafi (Cal. Bar No. 224887)
Julia Rabinovich (Cal. Bar No. 290730)
OUTTEN & GOLDEN LLP
One Embarcadero Center, 38th Floor
San Francisco, CA 94111
Telephone: (415) 638-8800
Facsimile: (415) 638-8810
E-mail: jsagafi@outtengolden.com
E-mail: jrabinovich@outtengolden.com

Justin M. Swartz (admitted *pro hac vice*)
OUTTEN & GOLDEN LLP
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: (212) 245-1000
Facsimile: (646) 509-2060
E-mail: jms@outtengolden.com

Gregg I. Shavitz (admitted *pro hac vice*)
Susan H. Stern (admitted *pro hac vice*)
Paolo C. Meireles (admitted *pro hac vice*)
SHAVITZ LAW GROUP, P.A.
1515 S. Federal Hwy., Suite 404
Boca Raton, Florida 33432
Telephone: (561) 447-8888
Facsimile: (561) 447-8831
E-mail: gshavitz@shavitzlaw.com
E-mail: sstern@shavitzlaw.com
E-mail: pmeireles@shavitzlaw.com

Jeffrey A. Klafter (*pro hac vice* forthcoming)
Seth R. Lesser (*pro hac vice* forthcoming)
Fran L. Rudich (admitted *pro hac vice*)
KLAFTER OLSEN & LESSER, LLP
Two International Drive, Suite 350
Rye Brook, NY 10573
Telephone: (914) 934-9200
Facsimile: (914) 934-9220
E-mail: jak@klafterolsen.com
E-mail: seth@klafterolsen.com
E-mail: fran@klafterolsen.com

*Attorneys for Plaintiff and proposed Class Members*