UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON ZAJONC, | No. C-14-5563 EMC |
| Plaintiff, | |
| v. | **ORDER RE JOINT DISCOVERY LETTER** |
| MORGAN STANLEY & CO. LLC, *et al.*, | |
| Defendants. | **(Docket No. 71)** |

Currently pending before the Court is the parties' joint letter of May 29, 2015. The letter addresses a discovery dispute between the parties. This order memorializes the ruling the Court made at the case management conference of June 4, 2015. It also provides additional analysis, as necessary.

Because the information sought by Plaintiff is relevant, *see, e.g.*, *Khalilpour v. Cellco P'ship*, No. C 09-02712 CW (MEJ) 2010 U.S. Dist. LEXIS 43885, at *6-7 (N.D. Cal. Apr. 1, 2010) ("find[ing] that production of each putative class member's residential telephone number, along with their name and address, is relevant to and reasonably calculated to lead to the discovery of evidence relevant to class certification issues[;] [w]ith the names, addresses and telephone numbers of the putative class members, Plaintiff can contact these individuals to ascertain whether common questions of law exist, and evaluate the typicality of claims between the Plaintiff and other claimants"), Defendants shall submit a complete class list. Defendants may incorporate by reference the *DeVries* class list, but, if they have any updated contact information, they shall provide that information. In addition, Defendants are obligated to provide a class list for those putative class

members who "post-date" the *DeVries* class list. Because the *DeVries* class list appears to be missing only 173 putative class members, a sampling approach to relieve the burden on Defendants is not necessary. Also, while the Court is cognizant of putative class members' privacy interests, those interests can be accommodated through a protective order, particularly as the information being requested is not a serious invasion of privacy. *See, e.g.*, *id.* at *9 (noting that "the potential putative class members in this controversy have a legally protected interest in the privacy of their phone numbers and a reasonable expectation of privacy" but "find[ing] that the information sought by Plaintiff is not particularly sensitive").

The only issue remaining is the timeline by which Defendants shall produce the requested information. Defendants shall provide the information requested by June 18, 2015.

This order disposes of Docket No. 71.

IT IS SO ORDERED.

Dated: June 4, 2015

_____
EDWARD M. CHEN
United States District Judge

2