Jahan C. Sagafi (Cal. Bar No. 224887)
Julia Rabinovich (Cal. Bar No. 290730)
OUTTEN & GOLDEN LLP
One Embarcadero Center, 38th Floor
San Francisco, CA 94111
Telephone: (415) 638-8800
Facsimile: (415) 638-8810
E-mail: jsagafi@outtengolden.com
E-mail: jrabinovich@outtengolden.com

Justin M. Swartz (admitted *pro hac vice*)
OUTTEN & GOLDEN LLP
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: (212) 245-1000
Facsimile: (646) 509-2060
E-mail: jms@outtengolden.com

*Attorneys for Plaintiff and proposed Class Members*

*Additional counsel listed on following page*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO / OAKLAND DIVISION

| | |
|---|---|
| JASON ZAJONC, individually and on behalf all others similarly situated,<br><br>                                        Plaintiff,<br><br>        v.<br><br>MORGAN STANLEY & CO. LLC, f/k/a Morgan Stanley & Co. Incorporated, MORGAN STANLEY SMITH BARNEY LLC, and MORGAN STANLEY,<br><br>                                        Defendants. | **Case No. 14-cv-05563-EMC**<br><br>**JOINT STIPULATION AND [P~~ROPOSED~~] ORDER REGARDING FILING OF FIRST AMENDED COMPLAINT** |

1     Gregg I. Shavitz (admitted *pro hac vice*)
        Susan H. Stern (admitted *pro hac vice*)
2     Paolo C. Meireles (admitted *pro hac vice*)
        Michael John Palitz (admitted *pro hac vice*)
3     SHAVITZ LAW GROUP, P.A.
        1515 S. Federal Hwy., Suite 404
4     Boca Raton, Florida 33432
        Telephone: (561) 447-8888
5     Facsimile: (561) 447-8831
        E-mail: gshavitz@shavitzlaw.com
6     E-mail: sstern@shavitzlaw.com
        E-mail: pmeireles@shavitzlaw.com
7

8     Seth R. Lesser (admitted *pro hac vice*)
        Fran L. Rudich (admitted *pro hac vice*)
9     KLAFTER OLSEN & LESSER, LLP
        Two International Drive, Suite 350
10    Rye Brook, NY 10573
        Telephone: (914) 934-9200 x303
11    Facsimile: (914) 934-9220
        E-mail: seth@klafterolsen.com
12    E-mail: fran@klafterolsen.com

13    *Attorneys for Plaintiff and proposed Class Members*

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                 JOINT STIPULATION AND [PROPOSED] ORDER
                 RE: FILING OF FIRST AMENDED COMPLAINT
                 CASE NO. 14-CV-05563-EMC

1

2 **<u>JOINT STIPULATION</u>**

3      Plaintiff Jason Zajonc ("Plaintiff") and Defendants Morgan Stanley & Co. LLC, Morgan

4 Stanley Smith Barney LLC, and Morgan Stanley ("Defendants") (collectively, the "parties")

5 hereby stipulate as follows:

6      WHEREAS, on December 19, 2014, Plaintiff Jason Zajonc, on behalf of himself and

7 others similarly situated, filed a Complaint against Morgan Stanley (Docket No. 1);

8      WHEREAS, at the initial case management conference on June 4, 2015, the Court set the

9 deadline to amend the pleadings as August 6, 2015;

10      WHEREAS, Dennis Fowler would like to serve as an additional Class Representative

11 asserting similar claims against Morgan Stanley, and Plaintiff wishes to alter the wording of

12 certain allegations;

13      WHEREAS, attached hereto as Exhibit A is Plaintiff's proposed First Amended

14 Complaint;

15      WHEREAS, the parties agree that Plaintiff will file the proposed First Amended

16 Complaint immediately after the Court grants this stipulation, if possible on or before August 6,

17 2015;

18      THEREFORE, it is hereby stipulated that Morgan Stanley will not oppose Plaintiff's

19 filing of the proposed First Amended Complaint.  Plaintiff respectfully requests that the Court

20 grant Plaintiff leave to file the proposed First Amended Complaint.

21      IT IS SO STIPULATED.

22

23

24

25

26

27

28

JOINT STIPULATION AND [PROPOSED] ORDER
RE: FILING OF FIRST AMENDED COMPLAINT
CASE NO. 14-CV-05563-EMC

Dated:  August 5, 2015

Respectfully submitted,

By:    _/s/ Jahan C. Sagafi_____
            Jahan C. Sagafi

Jahan C. Sagafi (Cal. Bar No. 224887)
Julia Rabinovich (Cal. Bar No. 290730)
OUTTEN & GOLDEN LLP
One Embarcadero Center, 38th Floor
San Francisco, CA 94111
Telephone: (415) 638-8800
Facsimile: (415) 638-8810
E-mail: jsagafi@outtengolden.com
E-mail: jrabinovich@outtengolden.com

Justin M. Swartz (admitted *pro hac vice*)
OUTTEN & GOLDEN LLP
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: (212) 245-1000
Facsimile: (646) 509-2060
E-mail: jms@outtengolden.com

Gregg I. Shavitz (admitted *pro hac vice*)
Susan H. Stern (admitted *pro hac vice*)
Paolo C. Meireles (admitted *pro hac vice*)
Michael John Palitz (admitted *pro hac vice*)
SHAVITZ LAW GROUP, P.A.
1515 S. Federal Hwy., Suite 404
Boca Raton, Florida 33432
Telephone: (561) 447-8888
Facsimile: (561) 447-8831
E-mail: gshavitz@shavitzlaw.com
E-mail: sstern@shavitzlaw.com
E-mail: pmeireles@shavitzlaw.com

Seth R. Lesser (admitted *pro hac vice*)
Fran L. Rudich (admitted *pro hac vice*)
KLAFTER OLSEN & LESSER, LLP
Two International Drive, Suite 350
Rye Brook, NY 10573
Telephone: (914) 934-9200 x303
Facsimile: (914) 934-9220
E-mail: seth@klafterolsen.com
E-mail: fran@klafterolsen.com

*Attorneys for Plaintiff and proposed Class
Members*

JOINT STIPULATION AND [PROPOSED] ORDER
RE: FILING OF FIRST AMENDED COMPLAINT
CASE NO. 14-CV-05563-EMC

1

By:   /s/ Melinda Riechert

2

Melinda Riechert
Roberta H. Vespremi

3

MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower

4

San Francisco, CA 94105
Tel: (415) 442-1000

5

Fax: (415) 442-1001
mriechert@morganlewis.com

6

7

*Attorneys for Defendants Morgan Stanley & Co.*
*LLC, Morgan Stanley Smith Barney and Morgan*

8

*Stanley*

9

10

11

**PURSUANT TO STIPULATION, IT IS SO ORDERED**

12

Dated: _____, 2015

August 7

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 3 -

JOINT STIPULATION AND [PROPOSED] ORDER
RE: FILING OF FIRST AMENDED COMPLAINT
CASE NO. 14-CV-05563-EMC

## **ATTESTATION**

Pursuant to Civil Local Rule 5-1(i)(3), I hereby attest that Melinda Riechert concurs in this filing.

# Exhibit A

1   Jahan C. Sagafi (Cal. Bar No. 224887)
    Julia Rabinovich (Cal. Bar No. 290730)
2   OUTTEN & GOLDEN LLP
    One Embarcadero Center, 38th Floor
3   San Francisco, CA 94111
    Telephone: (415) 638-8800
4   Facsimile: (415) 638-8810
    E-mail: jsagafi@outtengolden.com
5   E-mail: jrabinovich@outtengolden.com

6   Justin M. Swartz (admitted *pro hac vice*)
    OUTTEN & GOLDEN LLP
7   3 Park Avenue, 29th Floor
    New York, New York 10016
8   Telephone: (212) 245-1000
    Facsimile: (646) 509-2060
9   E-mail: jms@outtengolden.com

10  *Attorneys for Plaintiffs and proposed Class Members*

11  *Additional counsel listed on following page*

12                  UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF CALIFORNIA
13                  SAN FRANCISCO / OAKLAND DIVISION

14

15  JASON ZAJONC and DENNIS FOWLER,
    individually and on behalf all others          **Case No. 14-cv-05563-EMC**
16  similarly situated,
                                                    **FIRST AMENDED COMPLAINT FOR**
17                              Plaintiff,          **VIOLATIONS OF STATE WAGE AND**
                                                    **HOUR LAWS**
18          v.
                                                    **CLASS ACTION**
19  MORGAN STANLEY & CO. LLC,
    f/k/a Morgan Stanley & Co. Incorporated,        **DEMAND FOR JURY TRIAL**
20  MORGAN STANLEY SMITH BARNEY
    LLC, and MORGAN STANLEY,
21
                                Defendants.
22

23

24

25

26

27

28

Gregg I. Shavitz (admitted *pro hac vice*)
Susan H. Stern (admitted *pro hac vice*)
Paolo C. Meireles (admitted *pro hac vice*)
Michael John Palitz (admitted *pro hac vice*)
SHAVITZ LAW GROUP, P.A.
1515 S. Federal Hwy., Suite 404
Boca Raton, Florida 33432
Telephone: (561) 447-8888
Facsimile: (561) 447-8831
E-mail: gshavitz@shavitzlaw.com
E-mail: sstern@shavitzlaw.com
E-mail: pmeireles@shavitzlaw.com

Seth R. Lesser (admitted *pro hac vice*)
Fran L. Rudich (admitted *pro hac vice*)
KLAFTER OLSEN & LESSER, LLP
Two International Drive, Suite 350
Rye Brook, NY 10573
Telephone: (914) 934-9200 x303
Facsimile: (914) 934-9220
E-mail: seth@klafterolsen.com
E-mail: fran@klafterolsen.com

*Attorneys for Plaintiffs and proposed Class Members*

Plaintiffs Jason Zajonc ("Mr. Zajonc") and Dennis Fowler ("Mr. Fowler") (collectively, "Plaintiffs") allege, on behalf of themselves and a California class of those similarly situated, as follows:

## JURISDICTION AND VENUE

1.      This Court has original jurisdiction over this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d), because this is a class action in which: (1) there are 100 or more members in the proposed class; (2) at least some members of the proposed class have a different citizenship from Defendant; and (3) the claims of the proposed class members exceed $5,000,000 in the aggregate.

2.      This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

3.      The United States District Court for the Northern District of California has personal jurisdiction over Morgan Stanley & Co. LLC, Morgan Stanley Smith Barney LLC and Morgan Stanley (collectively, "Morgan Stanley" or "Defendants"), because Defendants maintain an office in this District, do business in California and in this District, and because many of the acts complained of and giving rise to the claims alleged occurred in and emanated from this District.

4.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred in this District.

5.      Intradistrict assignment:  Pursuant to N.D. Cal. Local Rule 3-2(c) and (d), intradistrict assignment to the San Francisco or Oakland Division is proper because a substantial part of the events that give rise to the claims asserted occurred in Marin County.

## SUMMARY OF CLAIMS

6.      Morgan Stanley is a financial services company that provides brokerage and related products and services to millions of investors nationwide.

7.      Morgan Stanley employs Financial Advisor Associates ("FAAs") at branch locations nationwide.

FIRST AMENDED COMPLAINT FOR
VIOLATIONS OF STATE WAGE AND HOUR LAWS
CASE NO. 14-CV-05563-EMC

8. Morgan Stanley classifies its FAAs as non-exempt during an approximately five-to six-month training, or "pre-production," period.

9. During the pre-production training period, while they are classified as non-exempt, FAAs' duties include the completion of the required FAA Training Program course work, studying for and passing the Series 7 exam, studying for and passing the Series 66 exam, studying for and passing the FAA Pre-Production Assessment exams, learning Defendants' product and service offerings, research tools, policies, and procedures, including Defendants' marketing protocols, client call and meeting guidelines, and networking tips, developing a tailored business plan and schedule, attending meetings, completing all FAA Training Program curriculum requirements, and attending national performance sessions.

10. During the pre-production training period, FAAs regularly worked overtime both from the office and remotely for which they were not compensated.

11. To the best of their recollection, Plaintiffs worked uncompensated overtime during the vast majority or all of their work weeks. Specifically, (1) Mr. Zajonc worked uncompensated overtime the week before taking his Series 7 exam, among others, and (2) Mr. Fowler worked uncompensated overtime the week before taking his Series 7 exam, among others.

12. Pursuant to a company-wide policy and practice, Morgan Stanley uniformly failed to accurately track or record actual hours worked by FAAs during the pre-production training period. Morgan Stanley furthered this wrongful policy by: (i) instructing its FAAs not to track all hours they worked but instead, to record only their scheduled eight (8) hours every day; (ii) instructing its FAAs not to record overtime hours worked; (iii) failing to provide its FAAs with a method to accurately record the hours they actually worked; and (iv) requiring FAAs to understate the number of hours they actually worked.

13. In willful disregard of state wage and hour law, Morgan Stanley has refused to timely pay Plaintiffs and all other similarly situated FAAs for all hours worked and has failed to provide overtime premium pay. Moreover, Morgan Stanley has willfully failed to provide mandatory meal and rest periods and furnish itemized wage statements.

14.     Plaintiffs bring this action, pursuant to Federal Rule of Civil Procedure 23 ("Rule 23"), on behalf of all persons who are and were employed by Morgan Stanley in California, as FAAs and similarly situated current and former employees holding comparable positions but different titles ("Class Members") at any time since December 19, 2010, through the date of the final disposition of this action ("Class Period") who (i) were not timely paid for all hours worked by them as well as unpaid overtime wages for hours worked above forty (40) in a workweek; (ii) were not provided with an off-duty meal period of at least thirty (30) minutes for every five hours worked; (iii) were not provided with two off-duty rest periods of at least ten (10) minutes for every four hours or major fraction thereof worked; (iv) were subject to Defendants' failure to maintain accurate and sufficient time records for FAAs; and (v) were subject to Defendants' failure to provide accurate and itemized wage statements showing gross wages earned, total hours worked, net wages earned, and all applicable hourly rates in effect during each pay period and the corresponding number of hours worked at each hourly rate by the employee.

15.     Morgan Stanley's practices violate California Labor Code §§ 201-203, 218, 218.5, 226, 226.3, 226.7, 510, 512, 558, 1174, 1174.5, 1194, and 2698-2699.5, *et seq.* and Wage Order No. 4-2001 (collectively, "California Wage and Hour Law") and California Business & Professions Code § 17200 *et seq.*  Plaintiffs seek declaratory relief; overtime compensation for all overtime work required, suffered, permitted, or engaged by Morgan Stanley; liquidated and/or other damages and penalties as permitted by applicable law; benefits recoverable under applicable law and interest; and attorneys' fees and costs.

## **THE PARTIES**

**Plaintiff Jason Zajonc**

16.     Plaintiff Jason Zajonc was employed by Morgan Stanley as an FAA during mid-2012.  According to Morgan Stanley's records produced in this litigation, Mr. Zajonc worked for Morgan Stanley as an FAA from July 23, 2012 to October 16, 2012 at Morgan Stanley's branch location in San Rafael, California.

17.     Mr. Zajonc regularly worked more than forty (40) hours in a workweek for Morgan Stanley's benefit during the pre-production training period.  Pursuant to Morgan

1    Stanley's policy, pattern or practice, Mr. Zajonc was not paid proper compensation for all hours

2    worked including overtime compensation for all hours worked over 40.

3           18.    Throughout Mr. Zajonc's time as an FAA, Morgan Stanley did not provide

4    him with mandatory meal and rest periods and did not furnish itemized wage statements.

5    **Plaintiff Dennis Fowler**

6           19.    Plaintiff Dennis Fowler was employed by Morgan Stanley as an FAA

7    during the latter half of 2014.  According to Morgan Stanley's records produced in this litigation,

8    Mr. Fowler worked for Morgan Stanley as an FAA from approximately September 5, 2014 to

9    December 1, 2014 at Morgan Stanley's branch location in La Jolla, California.

10          20.    Mr. Fowler regularly worked more than forty (40) hours in a workweek for

11   Morgan Stanley's benefit during the pre-production training period.  Pursuant to Morgan

12   Stanley's policy, pattern or practice, Mr. Fowler was not paid proper compensation for all hours

13   worked including overtime compensation for all hours worked over 40.

14          21.    Throughout Mr. Fowler's time as an FAA, Morgan Stanley did not provide

15   him with mandatory meal and rest periods and did not furnish itemized wage statements.

16   **Defendants**

17          22.    Morgan Stanley & Co. LLC, f/k/a Morgan Stanley & Co. Incorporated, is a

18   Delaware limited liability company with its principal place of business in New York, New York.

19   It is a wholly owned subsidiary of Defendant Morgan Stanley.

20          23.    Morgan Stanley Smith Barney LLC is a Delaware limited liability

21   company with its principal place of business in New York, New York.  It is a partially owned

22   subsidiary of Defendant Morgan Stanley.

23          24.    Morgan Stanley is a Delaware bank holding company, registered with the

24   New York Stock Exchange, among other regulatory agencies and authorities.  Morgan Stanley

25   has its principal place of business in New York, New York.

26          25.    Morgan Stanley is a parent company of Defendants Morgan Stanley & Co.

27   LLC and Morgan Stanley Smith Barney LLC.

28

FIRST AMENDED COMPLAINT FOR
VIOLATIONS OF STATE WAGE AND HOUR LAWS
CASE NO. 14-CV-05563-EMC

26.     Each Defendant does business under the trade name or mark of "Morgan Stanley."

27.     Each Defendant is a financial services company that provides brokerage and related products and services to millions of investors nationwide.

28.     Each Defendant employed Plaintiffs and other Class Members, directly or indirectly, jointly or severally, including, without limitation, directly or indirectly controlling and directing the terms of employment and/or compensation of Plaintiffs and other Class Members.

29.     Each Defendant exercised control over the wages, hours or working conditions of Plaintiffs and other Class Members, or suffered or permitted to work, or engaged, thereby creating a common law employment relationship, Plaintiffs and other Class Members.

30.     Defendants jointly employed Plaintiffs and other Class Members.

**CLASS ACTION ALLEGATIONS**

31.     Pursuant to Rule 23, Mr. Zajonc and Mr. Fowler (collectively, "the Class Representatives"), bring claims for relief for violation of California's wage and hour, unfair competition, and private attorney general laws as a class action, pursuant to Rule 23(a) and (b)(3), on behalf of all Class Members, defined in paragraph 14.

32.     The persons in the class identified above are so numerous that joinder of all Class Members is impracticable.  Although the Class Representatives does not know the precise number of such persons, the facts on which the calculation of that number can be based are presently within the sole control of the Defendants and ascertainable.  Upon information and belief, there are at least 100 members of the class.

33.     Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

34.     There are questions of law and fact common to the class that predominate over any questions solely affecting individual members of the class, including but not limited to:

a.     whether Defendants have failed and/or refused to pay the Class Representatives and Class Members overtime pay for the hours worked in excess of forty (40)

- 5 -

FIRST AMENDED COMPLAINT FOR
VIOLATIONS OF STATE WAGE AND HOUR LAWS
CASE NO. 14-CV-05563-EMC

hours per workweek and hours worked in excess of eight (8) per day within the meaning of the

California Wage and Hour Law;

     b.  whether Defendants failed to provide off-duty meal periods to the

Class Representatives and Class Members in violation of California Wage and Hour Law;

     c.  whether Defendants failed to provide off-duty rest periods to the

Class Representatives and Class Members in violation of California Wage and Hour Law;

     d.  whether Defendants failed to provide accurate itemized wage

statements to the Class Representatives and Class Members in violation of California Wage and

Hour Law;

     e.  whether Defendants' conduct was "unlawful," "unfair," or

"fraudulent" under California Business & Professions Code § 17200, *et seq.*;

     f.  whether Defendants failed to comply with the record keeping

requirements of the California Wage and Hour Law;

     g.  the nature and extent of the class-wide injury and the appropriate

measure of damages for Class Members;

     h.  whether Defendants had a uniform policy and practice of failing to

accurately track or record actual hours worked by Class Members;

     i.  whether Defendants furthered their uniform policy and practice of

failing to accurately track or record actual hours worked by Class Members by: (i) instructing

Class Members not to track all hours they worked but instead to record only their scheduled eight

(8) hours per day; (ii) instructing Class Members not to record overtime hours worked; (iii)

failing to provide Class Members with a method to accurately record the hours they actually

worked; and (iv) requiring Class Members to under-state the number of hours they actually

worked;

     j.  whether Defendants' policy and practice of failing to accurately

track or record hours worked by Class Members was willful; and

     k.  whether Defendants can prove that their unlawful policies were

implemented in good faith.

FIRST AMENDED COMPLAINT FOR
VIOLATIONS OF STATE WAGE AND HOUR LAWS
CASE NO. 14-CV-05563-EMC

35.     The claims of the Class Representatives are typical of the claims of the class sought to be represented.  The Class Representatives and Class Members work or have worked for Defendants and have been subjected to their policy, pattern or practice of failing to pay overtime wages for hours worked in excess of forty (40) hours per week.  Defendants acted and refused to act on grounds generally applicable to the class, thereby making declaratory relief with respect to the class appropriate.

36.     The Class Representatives will fairly and adequately represent and protect the interests of the class.

37.     The Class Representatives have retained counsel competent and experienced in complex class action and wage and hour litigation.

38.     A class action is superior to other available methods for the fair and efficient adjudication of the California Wage and Hour Law claims, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in court against corporate defendants.

39.     Class Members have been damaged and are entitled to recovery because of Defendants' common and uniform policies, practices and procedures.  Although the relative damages suffered by individual Class Members are not *de minimis*, such damages are small compared to the expense and burden of bringing individual cases.

40.     Class treatment of the claims is superior because it will obviate the need for duplicative litigation that may result in inconsistent judgments about Defendants' practices.

**FIRST CAUSE OF ACTION**
**California Wage and Hour Law:  Unpaid Wages**
**On Behalf of the Class Representatives and the Class**
**Against All Defendants**

41.     The Class Representatives reallege and incorporate by reference the preceding paragraphs as if they were set forth again herein.

42.     Defendants have engaged in a widespread policy, pattern or practice of violating the California Wage and Hour Law, as detailed in this Class Action Complaint.

43.     At all times relevant, the Class Representatives and other Class Members have been employees and Defendants have been employers within the meaning of the California Wage and Hour Law.  The Class Representatives and Class Members are covered by the California Wage and Hour Law.

44.     Class Members all perform or performed the same primary duties, responsibilities and activities, and are all subject to Defendants' common policy and practice, implemented throughout the State of California, of failing to credit and pay them proper overtime compensation, in violation of the California Wage and Hour Law.

45.     Each Defendant employed the Class Representatives and Class Members as an employer or a joint employer, as further alleged herein.

46.     Defendants failed to pay the Class Representatives and other Class Members wages to which they are entitled under the California Wage and Hour Law, including California Labor Code §§ 510, 558, and 1194, *et seq.* and Wage Order No. 4-2001 (codified at Cal. Code Regs. tit. 8, § 11040).  Defendants failed to pay the Class Representatives and Class Members for overtime at a wage rate of one and one-half times their regular rate of pay in weeks they worked more than forty (40) hours and for days they worked more than eight (8) hours.

47.     California Labor Code § 510 and the applicable Wage Order require that an employer compensate all work performed by an employee in excess of eight (8) hours per workday and forty (40) hours per workweek, at one and one-half times the employee's regular rate of pay.

48.     California Labor Code § 1194 states that any employee receiving less than the legal overtime compensation applicable is entitled to recover in a civil action the unpaid balance of the full amount of his overtime compensation, including interest thereon, reasonable attorneys' fees, and costs of suit.

49.     California Labor Code § 558 states that an employer who violates § 510 or the related Wage Order is subject to a civil penalty of fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid plus an amount sufficient to recover underpaid wages and, for each subsequent violation, one hundred dollars ($100) for each

1 underpaid employee for each pay period for which the employee was underpaid plus an amount

2 sufficient to recover underpaid wages.

3       50.    Defendants' violations of the California Wage and Hour Law, as described

4 in this Complaint, have been willful and intentional.

5       51.    Due to Defendants' violations of the California Wage and Hour Law, the

6 Class Representatives and Class Members are entitled to recover from Defendants, jointly or

7 severally, the relief requested herein.  As a direct and proximate result of Defendants' unlawful

8 conduct, as set forth herein, the Class Representatives and Class Members have sustained

9 damages, including loss of earnings for hours of overtime worked on behalf of Defendants in an

10 amount to be established at trial, prejudgment interest, and costs and attorneys' fees, pursuant to

11 statute and other applicable law.

12       52.    The Class Representatives, on behalf of themselves and Class Members,

13 also requests further relief as described below.

14 **SECOND CAUSE OF ACTION**
**California Wage and Hour Law:  Failure to Provide**

15 **Mandated Meal Periods On Behalf of the Class Representatives and**

16 **the Class Against All Defendants**

17       53.    The Class Representatives reallege and incorporate by reference the

18 preceding paragraphs as if they were set forth again herein.

19       54.    California Labor Code § 512(a) states in a pertinent part: "[A]n employer

20 may not employ an employee for a work period of more than five hours per day without

21 providing the employee with a meal period of not less than 30 minutes.  An employer may not

22 employ an employee for a work period of more than 10 hours per day without providing the

23 employee with a second meal period of not less than 30 minutes."

24       55.    Wage Order No. 4-2001 states in pertinent part, "No employer shall

25 employ any person for a work period of more than five (5) hours without a meal period of not less

26 than 30 minutes . . . .  If an employer fails to provide an employee a meal period in accordance

27 with the applicable provision of this order, the employer shall pay the employee one (1) hour of

28 pay at the employee's regular rate of compensation for each workday that the meal period is not

1   provided." Cal. Code Regs. tit. 8, § 11040, subd. 11(A) & (B). California Labor Code § 226.7(b)

2   explains that no employer shall "require an employee to work during a meal or rest . . . period

3   mandated by an applicable . . . order of the Industrial Welfare Commission."

4          56.    Since at least four (4) years prior to the filing of this action and continuing

5   until the present, Defendants failed to provide the Class Representatives and Class Members meal

6   periods as required by California Labor Code §§ 226.7 and 512 and Wage Order No. 4-2001.

7          57.    As a result of Defendants' willful and unlawful failure to provide the Class

8   Representatives and Class Members with mandated meal periods, the Class Representatives and

9   Class Members are entitled to recover one (1) hour of pay at their regular rate of compensation

10  for each workday that a meal period was not provided, pursuant to California Labor Code § 227.7

11  and Wage Order No. 4-2001, § 11(B). The Class Representatives and Class Members are also

12  entitled to reasonable attorneys' fees and costs, under California Code of Civil Procedure

13  § 1021.5.

14         58.    The Class Representatives, on behalf of themselves and Class Members,

15  also request further relief as described below.

16                        **THIRD CAUSE OF ACTION**
17               **California Wage and Hour Law:  Failure to Provide**
                 **Mandated Rest Periods on Behalf of the Class Representatives and**
18                   **the Class Against All Defendants**

19         59.    The Class Representatives reallege and incorporate by reference the

20  preceding paragraphs as if they were set forth again herein.

21         60.    Wage Order No. 4-2001 states in pertinent part, "Every employer shall

22  authorize and permit all employees to take rest periods, which insofar as practicable shall be in

23  the middle of each work period.  The authorized rest period time shall be based on the total hours

24  worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction

25  thereof. . . .  If any employer fails to provide an employee a rest period in accordance with the

26  applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the

27  employee's regular rate of compensation for each workday that the rest period is not provided."

28  Cal. Code Regs. tit. 8, § 11040, subd. 12(A) & (B).  California Labor Code § 226.7(b) explains

that no employer shall "require an employee to work during a meal or rest . . . period mandated by an applicable . . . order of the Industrial Welfare Commission."

61.     Since at least four (4) years prior to the filing of this action until the present, Defendants failed to provide the Class Representatives and Class Members rest periods as required by California Labor Code §§ 226.7 and Wage Order No. 4-2001.

62.     As a result of Defendants' willful and unlawful failure to provide the Class Representatives and Class Members with mandated rest periods, the Class Representatives and Class Members are entitled to recover one (1) hour of pay at their regular rate of compensation for each workday that a rest was not provided, pursuant to California Labor Code § 226.7 and Wage Order No. 4-2001, § 12(B).  The Class Representatives and Class Members are also entitled to reasonable attorneys' fees and costs, under California Code of Civil Procedure § 1021.5.

63.     The Class Representatives, on behalf of themselves and Class Members, also request further relief as described below.

### FOURTH CAUSE OF ACTION
**California Wage and Hour Law:  Failure to Furnish Accurate Itemized Wage Statements on Behalf of the Class Representatives and the Class Against All Defendants**

64.     The Class Representatives reallege and incorporate by reference the preceding paragraphs as if they were set forth again herein.

65.     California Labor Code § 226(a) and Wage Order No. 4-2001, § 7 provides, in relevant part, that every employer must furnish each employee with an itemized wage statement that shows the total number of hours worked each pay period, gross wages, net wages, all deductions, all applicable hourly rates of pay, the name and address of the legal entity that is the employer, and other information.  California Labor Code § 1174(d) likewise requires employers to maintain records of hours worked daily and wages paid to employees.

66.     During the period four (4) years prior to the filing of the this Complaint until the present, Defendants knowingly and intentionally failed to furnish the Class Representatives and Class Members, upon each payment of compensation, itemized wage

statements accurately showing, at minimum: gross wages earned, total hours worked, net wages earned, and all applicable hourly rates in effect during the pay period and the corresponding numbers of hours worked at each hourly rate by the employee.  Defendants also willfully failed to maintain records of hours worked by the Class Representatives and Class Members as required under California Labor Code § 1174(d).

67.     During all relevant times, the Class Representatives and Class Members were injured by these failures because, among other things, they were not provided with compliant wage statements, and they were confused about whether they were paid properly and/or they were misinformed about how many total hours they worked in each pay period.

68.     The Class Representatives and Class Members are entitled to injunctive relief to ensure Defendants' compliance with California Labor Code §§ 226(a) and 1174(d).

69.     The Class Representatives and Class Members are also entitled to the amount provided under California Labor Code §§ 226(e) and 1174.5, including the greater of all actual damages suffered or fifty ($50) dollars for the initial pay period in which a violation occurred and one-hundred ($100) dollars for each subsequent pay period.

70.     The Class Representatives and Class Members are also entitled to an award of costs and reasonable attorneys' fees under California Labor Code § 226(h).

71.     The Class Representatives, on behalf of themselves and Class Members, also request further relief as described below.

### FIFTH CAUSE OF ACTION
**California Wage Payment Provisions: Failure to Timely
Pay Wages On Behalf of the Class Representatives and
the Class Against All Defendants**

72.     The Class Representatives reallege and incorporate by reference the preceding paragraphs as if they were set forth again herein.

73.     California Labor Code §§ 201 and 202 requires employers to pay their employees all wages due within the time specified by law.  California Labor Code § 203 provides that if an employer willfully fails to timely pay such wages, the employer must, as a penalty,

continue to pay the subject employees' wages until the back wages are paid in full or an action is commenced, up to a maximum of thirty (30) days of wages.

74.     The Class Representatives and all Class Members who ceased employment with Defendants are entitled to unpaid compensation, but to date have not received such compensation.

75.     More than thirty (30) days have passed since the Class Representatives and certain Class Members left Defendants' employ.

76.     As a consequence of Defendants' willful conduct in not paying compensation for all hours worked, the Class Representatives and Class Members whose employment ended during the class period are entitled to thirty (30) days' wages under California Labor Code § 203, together with interest thereon and attorneys' fees and costs.

77.     The Class Representatives, on behalf of themselves, Class Members, and the general public, also request further relief as described below.

### SIXTH CAUSE OF ACTION
**California Labor Code §§ 2698-2699.5:  PAGA Claims on
Behalf of Class Representative Dennis Fowler, the Class, and the
General Public Against All Defendants**

78.     Mr. Fowler realleges and incorporates by reference the preceding paragraphs as if they were set forth again herein.

79.     Under the California Private Attorneys General Act ("PAGA") of 2006, California Labor Code §§ 2698-2699.5, an aggrieved employee, on behalf of himself or herself and other current or former employees as well as the general public, may bring a representative action as a private attorney general to recover penalties for an employer's violations of the California Labor Code and IWC Wage Orders.  These civil penalties are in addition to any other relief available under the California Labor Code, and must be allocated 75% to California's Labor and Workforce Development Agency and 25% to the aggrieved employees, pursuant to California Labor Code § 2699.

80.     Pursuant to California Labor Code § 1198, Defendants' failure to pay proper compensation to Mr. Fowler and Class Members, failure to provide them with meal and

- 13 -

rest breaks, failure to keep and furnish them with records of hours worked, and failure to pay them all wages due immediately upon discharge and within the time required by law after their employment ended are unlawful and constitute violations of the California Labor Code, each actionable under PAGA.

81.     Mr. Fowler alleges, on behalf of himself and the class members, as well as the general public, that Defendants have violated the following provisions of the California Labor Code and the following provisions of California Wage Orders that are actionable through the California Labor Code and PAGA, as previously alleged herein: Cal. Wage Order No. 4; Cal. Labor Code §§ 510, 558, & 1194, Cal. Labor Code. §§ 226.7 & 512, Cal. Labor Code §§ 226, 1174, & 1174.5, and Cal. Labor Code §§ 201, 202, & 203.  Each of these violations entitles Mr. Fowler, as a private attorney general, to recover the applicable statutory civil penalties on his own behalf, on behalf of all aggrieved employees, and on behalf of the general public.

82.     California Labor Code § 2699(a), which is part of PAGA, provides in pertinent part:

> Notwithstanding any other provision of law, any provision of this code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies, or employees, for a violation of this code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to the procedures specified in § 2699.3.

83.     California Labor Code § 2699(f), which is part of PAGA, provides in pertinent part:

> For all provisions of this code except those for which a civil penalty is specifically provided, there is established a civil penalty for a violation of these provisions, as follows: . . . (2) If, at the time of the alleged violation, the person employs one or more employees, the civil penalty is one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation.

84.     Mr. Fowler is entitled to civil penalties, to be paid by Defendants and allocated as PAGA requires, pursuant to California Labor Code § 2699(a) for Defendants'

violations of the California Labor Code and IWC Wage Orders for which a civil penalty is already specifically provided by law.  Further, Mr. Fowler is entitled to civil penalties, to be paid by Defendants and allocated as PAGA requires, pursuant to California Labor Code § 2699(f) for Defendants' violations of the California Labor Code and IWC Wage Orders for which a civil penalty is not already specifically provided.

85.  On July 31, 2015, Mr. Fowler provided written notice by certified mail to the California Labor & Workforce Development Agency ("LWDA") and to Defendants of the legal claims and theories of this case.

86.  Under PAGA, Mr. Fowler, on behalf of all aggrieved employees and the State of California, is entitled to recover the maximum civil penalties permitted by law for the violations of the California Labor Code and Wage Order No. 4 that are alleged in this Complaint.

87.  Mr. Fowler, on behalf of himself and Class Members, also requests further relief as described below.

### SEVENTH CAUSE OF ACTION
**California Business and Professions Code:  Unfair Competition Law**
**Violations On Behalf of the Class Representatives and the Class**
**Against All Defendants**

88.  The Class Representatives reallege and incorporate by reference the preceding paragraphs as if they were set forth again herein.

89.  The foregoing conduct, as alleged, violates the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq.*, which prohibits, *inter alia*, unfair competition in the form of any unlawful, unfair, deceptive, or fraudulent business practices. The Class Representatives bring this cause of action individually and as a representative of all others subject to Defendants' unlawful acts and practices.

90.  During the four (4) years prior to the filing of this Complaint until the present, Defendants committed unlawful, unfair, deceptive, and/or fraudulent acts as defined by the UCL.  Defendants' unlawful, unfair, deceptive, and/or fraudulent business practices include, without limitation, failing to pay for all hours worked, failing to pay overtime wages, failing to provide mandated meal and rest periods, failing to timely pay all wages earned, failing to furnish

1    accurate itemized wage statements, and failing to keep required payroll records, in violation of

2    California law and/or the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*

3          91.    As a result of this unlawful and/or fraudulent business practice, Defendants

4    reaped unfair benefits and illegal profits at the expense of the Class Representatives and Class

5    Members.  Defendants must disgorge these ill-gotten gains and restore to the Class

6    Representatives and Class Members all wrongfully withheld wages, including, but not limited to,

7    overtime compensation.

8          92.    The Class Representatives, on behalf of themselves and Class Members,

9    seek recovery of attorneys' fees and costs of this action to be paid by Defendants, as provided by

10   the UCL and California Labor Code §§ 218, 218.5, and 1194.

11                          **PRAYER FOR RELIEF**

12          WHEREFORE, Plaintiffs, on behalf of themselves and all Class Members, pray

13   for relief as follows:

14

15   A.    Certification of the claims in this action as a class action;

16   B.    Designation of Jason Zajonc and Dennis Fowler as the Class Representatives;

17   C.    A declaratory judgment that the practices complained of herein are unlawful under

18   the California Wage and Hour Law and the California Business and Professions Code;

19   D.    Appropriate equitable and injunctive relief to remedy Defendants' violations of the

20   California Wage and Hour Law and the California Business and Professions Code including, but

21   not necessarily limited to, an order enjoining Defendants from continuing their unlawful

22   practices;

23   E.    An award of damages including, but not limited to, unpaid wages and unpaid

24   

25   overtime wages (as applicable), liquidated damages, appropriate statutory penalties, the

26   employer's share of FICA, FUTA, state unemployment insurance and any other required

27   employment taxes and restitution to be paid by Defendants according to proof;

28

FIRST AMENDED COMPLAINT FOR
VIOLATIONS OF STATE WAGE AND HOUR LAWS
CASE NO. 14-CV-05563-EMC

F.     Pre-Judgment interest;

G.     A service award to the Class Representatives as compensation for the time, effort, expense, risk, and opportunity costs incurred in pursuit of these representative claims on behalf of others, and as an incentive to others to ensure robust enforcement of rights protecting workers;

H.     Attorneys' fees and costs of this action, including expert fees; and

I.     Such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial on all causes of action and claims with respect to which they have a right to jury trial.

FIRST AMENDED COMPLAINT FOR
VIOLATIONS OF STATE WAGE AND HOUR LAWS
CASE NO. 14-CV-05563-EMC

Dated:  August 5, 2015

Respectfully submitted,

By:    /s/ Jahan C. Sagafi
          Jahan C. Sagafi

Jahan C. Sagafi (Cal. Bar No. 224887)
Julia Rabinovich (Cal. Bar No. 290730)
OUTTEN & GOLDEN LLP
One Embarcadero Center, 38th Floor
San Francisco, CA 94111
Telephone: (415) 638-8800
Facsimile: (415) 638-8810
E-mail: jsagafi@outtengolden.com
E-mail: jrabinovich@outtengolden.com

Justin M. Swartz (admitted *pro hac vice*)
OUTTEN & GOLDEN LLP
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: (212) 245-1000
Facsimile: (646) 509-2060
E-mail: jms@outtengolden.com

Gregg I. Shavitz (admitted *pro hac vice*)
Susan H. Stern (admitted *pro hac vice*)
Paolo C. Meireles (admitted *pro hac vice*)
Michael John Palitz (admitted *pro hac vice*)
SHAVITZ LAW GROUP, P.A.
1515 S. Federal Hwy., Suite 404
Boca Raton, Florida 33432
Telephone: (561) 447-8888
Facsimile: (561) 447-8831
E-mail: gshavitz@shavitzlaw.com
E-mail: sstern@shavitzlaw.com
E-mail: pmeireles@shavitzlaw.com

Seth R. Lesser (admitted *pro hac vice*)
Fran L. Rudich (admitted *pro hac vice*)
KLAFTER OLSEN & LESSER, LLP
Two International Drive, Suite 350
Rye Brook, NY 10573
Telephone: (914) 934-9200 x303
Facsimile: (914) 934-9220
E-mail: seth@klafterolsen.com
E-mail: fran@klafterolsen.com

*Attorneys for Plaintiffs and proposed Class
Members*

FIRST AMENDED COMPLAINT FOR
VIOLATIONS OF STATE WAGE AND HOUR LAWS
CASE NO. 14-CV-05563-EMC