**VIA ECF**                                                                                         September 2, 2015
The Honorable Edward M. Chen
United States District Court
Northern District of California
450 Golden Gate Ave.
San Francisco, CA 94102

      **Re:**    ***Zajonc, et al. v. Morgan Stanley & Co. LLC, et al.*, No. 14-05563-EMC**

Dear Judge Chen:

      After meeting and conferring in person on August 20, 2015, the Parties submit this joint discovery letter regarding certain outstanding discovery issues.

**Plaintiffs' Position**

On March 13, 2015, Plaintiffs propounded Requests for Production of Documents and a 30(b)(6) deposition notice (which was amended on August 11, 2015). Since then, Plaintiffs have explained those requests in numerous calls, letters, and the 26(f) discovery plan. Unfortunately, discovery has not gotten off the ground. To date, Morgan Stanley has only produced 100 pages of documents (one personnel file and one workplace rights complaint), otherwise referring Plaintiffs to documents it produced in the Florida case (*DeVries*). Plaintiffs have compromised, stripping down their requests to the minimum needed for the Rule 23 briefing, but have been unable to make real progress. Morgan Stanley's approach has been to resist discussion (delaying and even skipping meet and confer sessions), and generally refusing to engage in discovery beyond what it provided in *DeVries*. But this is a different case.

In this letter, Plaintiffs seek (1) data, (2) basic parameters and deadlines for ESI discovery, (3) deadlines for conventional, manual document production, and (4) deadlines for Rule 30(b)(6) depositions.

1. **Data.** Plaintiffs seek the following class-wide data: (a) "official" timekeeping ("MyTime") and payroll data and (b) "surrogate" time data (data indicating actual work tasks performed). Plaintiffs need both types of data because this is an off-the-clock work case: class members regularly work significantly more than 40 hours per week, but are instructed by management to falsely report 40 hours per week in MyTime. Evidence about hours actually worked but unrecorded will be critical.

Morgan Stanley has not articulated a specific showing of prejudice, time, or cost (so Plaintiffs have been unable to respond). Plaintiffs have offered to receive a 91- or 79-person sample of the 1,200-person class. (Statistically, a 291-person sample yields 95% confidence and 5% error; if Morgan Stanley agrees not to assert that the sample is not representative, less than 291 is acceptable.) This sample should include deponents plus a pseudorandomly selected group with geographic and temporal diversity.

"Surrogate" data include timestamps of (a) sent emails, (b) outbound phone calls, (c) instant messages, and (d) computer logons and logoffs, plus the text of actual sent emails (without attachments). (Plaintiffs have dropped requests for badge swipes, video surveillance, and parking lot swipe data.) Plaintiffs will compare these data with official data and class members' memories and other evidence to support their theory that Morgan Stanley enforces a statewide practice of suppressing hours reporting. Text of emails will help the parties show how much correspondence is work-related. Morgan Stanley has articulated no specific burden.[1]

2. **ESI.** Having been stymied in their efforts to get ESI searches started, Plaintiffs request guidance on: (a) a reasonable set of custodians, (b) reasonable search strings, and (c) deadlines.

First, Plaintiffs seek a modest group of corporate and "branch-specific" custodians: (i) a few people in HR and corporate overseeing class members' work, (ii) 5 class members plus managers at

---

[1] Morgan Stanley's cases do not stand for the proposition that the data Plaintiffs seek is unreliable; rather, they involve scenarios where the data and the expert analysis suffered from serious flaws. *See In re Bank of Am. Wage & Hour Emp. Lit.*, 286 F.R.D. 572, 585-86, 588 (D. Kan. 2012); *Pryor v. Aerotek Scientific, LLC*, 278 F.R.D. 516, 534-36 (C.D. Cal. 2011); *Zivali v. AT&T Mobility LLC*, 784 F. Supp. 2d 456, 464-65 & n.12, 16 & 33 (S.D.N.Y. 2011). Courts routinely find this type of data to be compelling at the class certification stage. *See Jimenez v. Allstate Ins. Co.*, No. 10 Civ. 8486, 2012 WL 1366052, at *15 (C.D. Cal. Apr. 18, 2012), *aff'd*, 765 F.3d 1161 (9th Cir. 2014) (finding that *Dukes* does not preclude using a statistical sampling of log-in data to establish liability for class certification); *Adoma v. Univ. of Phoenix*, 270 F.R.D. 543, 551 (E.D. Cal. 2010) (noting that any use of computerized log-in data will be imperfect, but nevertheless holding that a common question exists as to whether that data gave defendants constructive knowledge of employee overtime); *cf. Lillehagen v. Alorica, Inc.*, No. 13 Civ. 0092, 2014 WL 6989230, at *22 (Dec. 10, 2014) (denying summary judgment and noting that log-in and log-out data, in combination with plaintiffs' testimony, could allow a jury to determine hours worked).

higher levels (about 20-25 people), and (iii) managers with the authority to edit the 5 selected class members' MyTime official time entries.  These groups create, implement, and/or are impacted by Morgan Stanley's wage and hour policies and practices; discovery from each group helps complete the puzzle.

   <u>Second</u>, to the extent there is a dispute over search terms (Plaintiffs do not know because Morgan Stanley refuses to discuss or test search strings until custodians are confirmed), Plaintiffs request guidance on the reasonableness of their 522 search strings.

   <u>Third</u>, Plaintiffs request ESI process deadlines:  (a) agreement on custodians: **Sept. 4**; (b) search term hit report production:  **Sept. 22**; and (c) production of all responsive documents on a rolling basis in the order requested by Plaintiffs based on the hit report, completed by **Oct. 15**.

   3. **<u>Conventional, manual document production.</u>**  Morgan Stanley has produced no corporate documents beyond those from *DeVries*.  Plaintiffs respectfully request that the Court order Morgan Stanley to describe the scope of its search (so that Plaintiffs may confirm it was adequate) for each category and confirm no documents were found or produce the documents by **Sept. 11**.

   4. **<u>Depositions.</u>**  Plaintiffs respectfully request that Morgan Stanley be ordered to identify witnesses on each of Plaintiffs' five deposition topics by **Sept. 9**, and provide dates for depositions to be held at least 7 days after completion of ESI and conventional document production and at least 14 days before Plaintiffs' Rule 23 motion deadline.  In *DeVries*, Plaintiffs either did not ask about these topics as they relate to California law issues or the witness was not prepared as to the topics.  For example, regarding the "good faith/willfulness" topic, Plaintiffs asked about a former FAA's complaint to California's Labor Commission.  Morgan Stanley's witness "was not aware of this situation" and could not respond to any questions.  Koutsantonis Dep. 384-386.  Morgan Stanley's witness likewise did not address how its timekeeping and overtime policies apply in California where the law is different.

   5. **<u>Conclusion.</u>**  By meeting this schedule, the parties may meet the current Rule 23 schedule.  If Morgan Stanley continues to delay, further motions to compel and extensions will be required.

**<u>Defendants' Position</u>**

   Defendants have acted reasonably, diligently, and timely to reach agreement on a broad swath of discovery demands that were, with the exception of those related to meal and rest breaks, fully covered in the *DeVries* action.  Plaintiffs have admitted that the primary difference between this case and *DeVries* is the meal and rest break claims, and Defendants have offered additional discovery related to those claims.

   **1. <u>Putative Class Member Sample</u>** – In support of their Rule 23 motion in *DeVries,* Plaintiffs submitted data on 14 out of 2,300 individuals (roughly 0.6%).  *DeVries*, DE 390.  The *DeVries* Plaintiffs' expert submitted a report detailing how a cost-effective survey of putative class members could be done to learn about putative class members' work experiences, rather than collecting the burdensome data and documents Plaintiffs seek here.  *Id.* at 12.  In this case, Defendant has produced discovery for Plaintiff Zajonc and 10 putative class members and have agreed to produce for Plaintiff Fowler.  Defendants also have offered to produce timekeeping, payroll, and study time data for an additional 25 putative class members (which Plaintiffs rejected and which all must be collected on an individual basis (*See* Kenneally Decl. ¶¶ 4-7; Waggoner Decl. ¶¶ 2-10), meaning that Plaintiffs would have about a 3% sample (36 out of 1200).  In addition to timekeeping, payroll, and study time data, Plaintiffs request production of "surrogate" data.  This data is exceptionally burdensome to produce as detailed in the supporting declarations and many times during meet and confer sessions, including on July 20 and August 20, 2015.  In addition, these types of data have proven to be unreliable indicators of time worked in countless cases because, for example, concerning computer log-on/log-off data people often do not log off their computers at the end of a day.[2]  In fact, in the *DeVries* Rule 23 motion, Plaintiffs did not even reference

---

[2] *See, e.g.*, *In re Bank of Am. Wage & Hour Emp. Lit.*, 286 F.R.D. 572, 585-86, 588 (D. Kan. 2012) (denying Rule 23 class

any of the data or documents produced for individual putative class members and, instead, largely relied on anecdotal evidence procured at deposition or through their own declaration gathering. *DeVries*, DE at 3. Here, Plaintiff Zajonc and three putative class members had their depositions taken in *DeVries*, and Plaintiff Fowler's deposition has been scheduled. Defendants further offered to provide all of the additional discovery Plaintiffs request if Plaintiffs pay for it, but Plaintiffs have refused. On a cost/benefit analysis, providing the data for the additional 54 putative class members that Plaintiff seeks is not justified.

   **2. Other Custodians** – Plaintiffs want ESI from dozens of corporate-level custodians and supervisors. Plaintiffs, however, have already been provided ESI for 9 California managers, including branch managers and complex service managers, and 1 person the *DeVries* Plaintiffs claimed modified time records. None of these documents were used in support of either the *DeVries* Plaintiffs' motion for final certification of the FLSA collective or their Rule 23 motion. Magistrate Judge Matthewman in *DeVries* denied a motion to compel documents from similar corporate-level custodians because he found, *inter alia*, that the types of emails the *DeVries* Plaintiffs thought may be in corporate custodians' mailboxes would be duplicative of what would be found in branch managers' and complex service managers' emails and, therefore, production would be unduly burdensome. *DeVries*, DE 242, 268. As to search terms, Defendants offered to use the 88-search terms agreed upon in *DeVries* after months of negotiating in that case, plus a reasonable set of negotiated meal and rest break search terms, rather than the 500+ search terms proposed by Plaintiff. Defendants offered to run these search terms across ESI for Plaintiff Zajonc, the 10 putative class members, California managers, and timekeeping custodian from whom they have already received some discovery (including Plaintiff Zajonc), plus Plaintiff Fowler, and produce non-privileged, responsive documents.

   **3. Other Document Production** – Defendants have confirmed on multiple occasions that their production is complete—there are no California-specific or applicable documents that have not been produced in *DeVries*. Defendants have provided two discovery indexes as ordered by the Court. Although Defendants had already performed a reasonable and diligent search, Defendants offered to perform additional searches, which have been completed, and turned up nothing additional.

   **4**. **Depositions** – There have been five days of Rule 30(b)(6) depositions in *DeVries* that have fully covered all of the topics Plaintiffs propose other than meal and rest breaks (there are no unique California issues as to the other topics). Defendants have agreed to produce a 30(b)(6) witness on meal and rest break claims. Defendants have produced all responsive documents related to the one DLSE complaint related to overtime, which was dismissed, and have told Plaintiffs on many occasions that there is nothing more to discover regarding Defendants' overtime and timekeeping policies as related to California than what has been provided in *DeVries* (including the California-specific policies that were produced in *DeVries*).

---

certification, and holding that expert analysis comparing computer records reflecting bank employee's transactions with their time records was insufficient "common evidence" of off-the-clock work, as this analysis was "substantially flawed" in that it failed to account for the fact that employees, who entered their own time worked, may have voluntarily rounded their time); *Pryor v. Aerotek Scientific, LLC*, 278 F.R.D. 516, 534-36 (C.D. Cal. 2011) (denying Rule 23 class certification, and holding that computer logs were not common evidence establishing off-the-clock work); *see also Zivali v. AT&T Mobility LLC*, 784 F. Supp. 2d 456, 464-65 & n.12, 16 & 33 (S.D.N.Y. 2011) (decertifying collective action despite purportedly "common" records reflecting off-duty phone calls and text messages as well as purportedly "common" records reflecting any management edits to employees' time).

The parties appreciate the Court's assistance with these issues and are available for a telephonic or in-person hearing as the Court desires.

Respectfully submitted,

| | |
|---|---|
| */s/ Jahan C. Sagafi* | */s/ Melinda Riechert* |
| Jahan C. Sagafi | Melinda Riechert |
| Outten & Golden LLP | Morgan Lewis & Bockius LLP |
| One Embarcadero Center, 38th Floor | One Market, Spear Street Tower |
| San Francisco, CA  94111 | San Francisco, CA  94105 |
| Tel.:  (415) 638-8800 | Tel.:  (415) 442-1000 |
| Fax:  (415) 638-8810 | Fax: (415) 442-1001 |
| jsagafi@outtengolden.com | mriechert@morganlewis.com |