MELINDA S. RIECHERT, SBN: 65504
JENNIFER SVANFELDT, SBN: 233248
ROBERTA H. VESPREMI, SBN: 225067
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, CA  94105-1126
Tel:     +1.415.442.1000
Fax:    +1.415.442.1001
e-mail: mriechert@morganlewis.com
          jsvanfeldt@morganlewis.com
          rvespremi@morganlewis.com

Attorneys for Defendants
MORGAN STANLEY & CO. LLC, MORGAN STANLEY SMITH BARNEY LLC, and MORGAN STANLEY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| JASON ZAJONC and DENNIS FOWLER, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>vs.<br><br>MORGAN STANLEY & CO. LLC, f/k/a Morgan Stanley & Co. Incorporated, MORGAN STANLEY SMITH BARNEY LLC, and MORGAN STANLEY,<br><br>    Defendants. | Case No. 4:14-cv-05563-EMC<br><br>**SUPPLEMENTAL DECLARATION OF KEITH WAGGONER IN SUPPORT OF DEFENDANTS MORGAN STANLEY & CO. LLC, MORGAN STANLEY SMITH BARNEY LLC, AND MORGAN STANLEY'S PORTION OF SEPTEMBER 2, 2015 JOINT DISCOVERY LETTER**<br><br>Complaint Filed:   December 19, 2014<br>FAC Filed:            August 7, 2015 |

I, Keith Waggoner, declare as follows:

1. I am employed by Morgan Stanley & Co. LLC ("Morgan Stanley") as a Vice President in the Firm's IT security group, and I work at Morgan Stanley's office located at 1 New York Plaza in New York. As a result of my own knowledge, experience and conversations with others at Morgan Stanley, I could and would competently testify to the truth of the following facts if called as a witness.

2. **Computer Log In/Out Data**. Computer log in/out data is stored on individual firm-issued personal computers used by Morgan Stanley employees. Morgan Stanley does not affirmatively maintain data relating to whether employees regularly log in and out of their computers at the start and end of their workday. For a variety of reasons, a computer may not accurately reflect the time a computer was in use by a particular employee. For example, some employees log on at the beginning of the work week and do not log off until the end of the work week. In addition, log in/log out data reflects system activity as well as individual user activity.

3. Computers may be identified and located for current employees by conducting individual searches in a centralized system. Once the computer is identified, it may be possible to obtain log in/out information remotely from certain computers. Morgan Stanley IT personnel then would need to collect the computer log in/out data and deliver it to one of Morgan Stanley's external ESI vendors for processing, which would incur additional costs. Thus, for each employee, Morgan Stanley IT personnel would be required to search, identify, collect and deliver the computer log in/out data for each employee in scope. For each employee, it takes at least two hours to search, identify, process and deliver the computer log in/out data to the ESI vendor if the computers can be searched remotely.

4. In some cases, in particular for computers belonging to former employees, it may not be possible to obtain the information remotely from the computer. In that case, if available, the computer would need to be shipped to a computer laboratory in New York for forensic imaging, collection and delivery to the external ESI vendor for processing.

5. Because computers may be used by more than one employee, Morgan Stanley also may be unable to confirm that log in/out data can be linked to a particular employee.

6. **Telephone Records**.  Morgan Stanley has some call detail records reflecting telephone calls.  These records are maintained for operational purposes and may not reflect all telephone calls to a particular telephone line.

7. To obtain these records, Morgan Stanley IT personnel must be provided with the telephone line assigned to a particular employee.  It is possible that an employee could be assigned more than one phone number during the applicable time period.

8. Once a dedicated telephone line is identified, a search must be conducted in a centralized system to identify and gather the telephone records for each line.  It takes approximately one hour to perform a telephone record investigation for each individual.

9. Telephone records may not indicate whether a call was answered by an employee or the automated voicemail system, and do not indicate whether a telephone line was being used by another employee.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 22nd day of September, 2015 in New York, New York.

_____
Keith Waggoner

DB2/ 26313166.1